[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2010
JOHN LEY
CLERK

No. 09-15278
Non-Argument Calendar

_____

D. C. Docket No. 06-00363-CV-J-34MCR

TOWNSEND POWERS,

Plaintiff-Appellant,

versus

AVONDALE BAPTIST CHURCH,
n.k.a. Grace Church of Avondale,

Defendant-Appellee,

Roger Stork, et. al.,
Rev.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 19, 2010)

Before EDMONDSON, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Townsend Powers appeals pro se the entry of summary judgment for Avondale Baptist Church, his former employer, on his racial discrimination and hostile work environment claims pursuant to Title VII of the Civil Rights Act of 1964. Powers filed his complaint against the Church and several individually-named defendants, alleging racial discrimination under Title VII, as well as violations of the Americans with Disabilities Act (ADA) and a provision of the Jacksonville Municipal Code. The district court dismissed the ADA claim for lack of exhaustion and dismissed all claims against the individually-named defendants. The Church later moved for summary judgment, alleging that Powers could not establish that it had the 15 or more employees necessary to qualify as an "employer" under Title VII. The district court granted the Church's motion on that basis, and dismissed Powers' Jacksonville Code claim after declining to exercise supplemental jurisdiction.

Powers appealed the district court's entry of summary judgment.[1] In his brief, however, Powers does not mention or otherwise challenge the district court's conclusion that the Church was not an "employer" within the meaning of Title VII.

---

[1] Based on Powers' notice of appeal, we identify the Church as the sole appellee.

2

Instead, he appears to argue that he can receive punitive damages even though he is ineligible for compensatory damages. In support, he cites a number of our prior rulings on punitive damages, and specifies that he is proceeding under Fed.R.Civ.P. 50(b)(1), which permits a party to file a post-verdict motion for judgment as a matter of law. The problem with Powers' argument is that the district court's entry of summary judgment means that he is not entitled to any damages—compensatory or punitive—for his Title VII claim.

"[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). This liberal construction, however, "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted). Despite the liberal pleading standard for pro se litigants, their failure to brief issues on appeal still amounts to an abandonment of those issues. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). Likewise, we will not consider arguments not presented to the district court and raised for the first time on appeal. See Albra v. Advan, Inc., 490 F.3d 826, 828 n.1 (11th Cir. 2007).

Powers did not even implicitly challenge the district court's reason for disposing of his Title VII claim against the Church in his brief to this Court. Therefore, that ruling stands. Likewise, Powers has abandoned any potential challenges to the district court's disposition of his ADA claim, his Jacksonville Code claim, and his claims against the individual defendants by failing to raise them in his brief. The only issue that Powers did raise in his brief, his entitlement to punitive damages, is meritless; he is not entitled to punitive damages because the Church was not an "employer" within the meaning of Title VII.

**AFFIRMED.**